JOHN J. BOTTI *vs.* CHARLES R. IOVINO. June 19, 1958. Order sustaining demurrer affirmed with costs of this appeal to the defendant. This is an action of tort sounding in deceit. It comes here upon an appeal by the plaintiff from the action of a judge of the Superior Court sustaining a demurrer of the defendant to the plaintiff's declaration. One ground of the demurrer is: "1. The matters contained in the plaintiff's declaration are insufficient in law to enable the plaintiff to maintain his action against the defendant." In substance the plaintiff, who was a road builder, alleges that prior to December 5, 1956, he had submitted statements for work done by him under several contracts with the town of Randolph; that one was for work on Lafayette Street in the sum of $2,392, another for work on Old Street in the sum of $185, and another for work done on Pond Lane in the sum of $407; that on December 5, 1956, he talked with the defendant, who was then the town manager of Randolph, about the statements rendered by the plaintiff; that the defendant falsely and fraudulently represented to the plaintiff that if he signed a certain instrument he would be paid the amount of his statements in full; that the plaintiff in reliance on the false and fraudulent representations of the defendant signed the instrument; that "subsequently" the plaintiff discovered that the defendant had inserted in the instrument the figures "$900" and the words "Lafayette Street"; and that thereafter the plaintiff received $900 from the town, which has refused and still refuses to pay the balance of the amounts above mentioned. The plaintiff further alleged that the defendant made the representations falsely and fraudulently with the intent that the plaintiff should rely upon them and that the plaintiff did rely upon them. We are of opinion that the declaration does not set forth a valid cause of action. "An essential element in the case, an intention not to carry out the promise, existing when the promise was made," *Galotti* v. *United States Trust Co.* 335 Mass. 496, 501, was not alleged. In the *Galotti* case it was also said, "Intention not to perform a promise, existing when the promise is made, cannot be shown merely by nonperformance of the promise." Restatement: Torts, § 530, comment c. Prosser, Torts (2d ed.) § 90. *Fanger* v. *Leeder*, 327 Mass. 501, 505–506.

*Sumner S. Fox*, for the plaintiff, submitted a brief.
*William J. Carr*, for the defendant.